IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARILYN BULLOCH, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO 05-0142-CG-D** |
| ) | |
| **KENNETH J. FRANK, M.D.,**[1] ) | |
| ) | |
| **Defendant.** ) | |

### REPORT AND RECOMMENDATION

This matter is before the court on the motion of defendant Kenneth J. Frank, M.D., to dismiss plaintiffs' complaint for failure to participate in discovery. (Doc. 27).  Defendant sets forth that plaintiffs have failed to provide their initial disclosures and that defendant made a good faith effort to obtain the disclosures prior to seeking court intervention.  Defendant moves the court to dismiss the case with prejudice for plaintiffs failure to participate in discovery and prosecute their case.  Plaintiffs were ordered to respond to the motion to dismiss on or before November 4, 2005 (Doc. 28).  To date, plaintiffs have filed no response.  This motion has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1) for the Southern District of Alabama.  Upon consideration, and for the reasons stated herein, the undersigned recommends that the motion to dismiss (Doc. 27) be **GRANTED** and this action be **DISMISSED** for failure to prosecute.

---

[1] By order entered October 4, 2005, the claims against defendant David N. Chandler were dismissed with prejudice. (Doc. 26).

**Procedural History**

On March 7, 2005, plaintiffs' complaint was removed to the United States District Court (Doc. 1), on March 23, 2005, defendant Frank filed an answer (Doc. 4) and on March 24, 2005, a preliminary scheduling order was entered setting May 9, 2005 as the deadline for filing the report of parties' planning meeting. (Doc. 5).

Plaintiffs and defendant Frank moved the court to extend the deadline on grounds that defendant David Chandler had not yet been served. (Doc. 7). The motion was granted and the deadline was extended until June 8, 2005. (Doc. 8). A second joint motion was filed wherein the parties moved the court to extend the deadline because Chandler's recently retained counsel would need additional time to prepare. (Doc. 9). The motion was granted and the deadline extended to June 22, 2005. (Doc. 10). Defendant Chandler filed an unopposed motion to extend the deadline because his counsel still needed additional time to review the case and prepare for the parties' planning meeting. (Doc. 12).[2] The motion was granted and the deadline extended to July 8, 2005. (Doc. 13). On July 8, 2005, the report was filed. (Doc. 14). On July 20, 2005, a scheduling conference was held and a Rule 16(b) Scheduling Order was entered wherein the deadline for the initial disclosures was set at August 15, 2005. (Doc. 20). On August 15, 2005, defendant Frank filed a notice of filing his initial disclosures. (Doc. 24). The docket indicates that plaintiffs have not filed their initial disclosures.

---

[2] Defendant Chandler filed a motion to dismiss and brief on July 11, 2005. (Docs. 16, 17). Plaintiffs were ordered to respond within ten working days. (Doc. 18). Plaintiffs failed to respond and the District Court, viewing the lack of response as an oversight, extended the deadline to August 12, 2005. (Doc. 21). On August 12, 2005, plaintiffs requested a five day extension and the District Court extended the deadline until August 17, 2005. (Docs. 22, 23). Plaintiffs again failed to respond and the District Court granted Chandler's motion to dismiss with prejudice on October 4, 2005. (Doc. 26).

**Analysis**

In the motion to dismiss, defendant states that on August 15, 2005, he served his initial disclosures on the plaintiffs but did not receive initial disclosures from the plaintiffs. (Doc. 27). Defendant states that he wrote plaintiffs' counsel on September 29, 2005 and requested the initial disclosures. (Doc. 27, Exhibit 1). Defendant states that a second letter requesting initial disclosures was sent on October 17, 2005. (Doc. 27, Exhibit 2). Defendant states that the disclosures have not been received and are now over sixty (60) days past due.

On October 27, 2005, plaintiffs were ordered to respond on or before November 4, 2005, and show cause why the motion to dismiss should not be granted. (Doc. 28). Additionally, plaintiffs were warned that failure to respond by the deadline may be considered by the court as an abandonment of the prosecution of this action and may result in a recommendation that this action be dismissed pursuant to FED. R. CIV. P. 41(b).

The exchange of initial disclosures is a basic and integral part of the discovery process coming just twenty-five days after the entry of the Rule 16(b) Scheduling Order in this case. (Doc. 20). By failing to comply with the Scheduling Order, the Federal Rules of Civil Procedure and the order of this court entered October 27, 2005, at this early point, plaintiffs have demonstrated to the court that they apparently do not wish to move forward with their own litigation.

**Conclusion**

Because of plaintiffs' failure to provide their initial disclosures and failure to comply with this court's orders, specifically the order entered October 27, 2005, (Doc. 27), the undersigned concludes that plaintiffs have abandoned the prosecution of this action. Rule 41(b) of the Federal Rules of Civil

3

Procedure states that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. Rule 41(b).  Accordingly, upon consideration of the alternatives that are available to the court and in consideration of plaintiffs' actions, it is recommended that defendant's motion to dismiss be **GRANTED** and that this case be **DISMISSED** pursuant to Rule 41(b)[3]  as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).

      The attached sheet contains important information regarding objections to this Report and Recommendation.

      **DONE** this the 14th day of November, 2005.

                                           s/ Kristi K. DuBose
                                           **KRISTI K. DuBOSE**
                                           **UNITED STATES MAGISTRATE JUDGE**

---

[3] "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." FED. R. CIV. P. Rule 41(b).

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  FED. R. CIV. P. Rule 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. Rule 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        **S / KRISTI K. DUBOSE**
        **UNITED STATES MAGISTRATE JUDGE**